**PERRY v. WORK, Secretary of the Interior, et al.**

(Court of Appeals of District of Columbia. Submitted November 5, 1925. Decided December 7, 1925.)

No. 4255.

**1. Public lands ☞108—Injunction will not lie to review errors of Secretary of the Interior in determining rights to land patent.**

Injunction will not lie to review errors of Secretary of the Interior, having jurisdiction of parties and subject-matter, in determining rights to public land patents.

**2. Public lands ☞128.**

Homestead claimant, after issuance of land patent to contestant, may sue in equity to have latter's title impressed with trust.

Appeal from Supreme Court of District of Columbia.

Suit by Marie Perry against Hubert Work, Secretary of the Interior, and another. Decree for defendants, and plaintiff appeals. Affirmed.

S. M. Stockslager, of Washington, D. C., for appellant.

C. E. Wright and O. H. Graves, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Plaintiff, Marie Perry, on October 21, 1916, made an enlarged homestead entry on certain lands in South Dakota. On June 9, 1919, one Fred B. Humiston, filed a contest against plaintiff's entry, charging failure on her part to establish and maintain a residence on the land, and also failure to cultivate the land. On final hearing the Secretary sustained the contest, and the present action is to enjoin him from issuing a patent to Humiston, and for other relief.

[1] The exercise of the jurisdiction conferred upon the Secretary of the Interior to hear and determine the rights of contestants for patents to public lands is beyond the control of the Courts by extraordinary process. Injunction will not lie to review alleged errors committed in such a case, where the Secretary has jurisdiction of the subject-matter and the parties. The law reposes in him final authority.

[2] Plaintiff, however, is not without an adequate remedy. When a patent is issued to Humiston, and title has passed beyond the jurisdiction and control of the Secretary, she may bring a suit in equity to have the title issued to Humiston impressed with a trust in her favor. United States ex rel. Hall v. Lane, 48 App. D. C., 279.

The decree is affirmed, with costs.